FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
11/23/2021 2:44 PM
CLERK OF THE COURT
Luke A Tessman

SECOND JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF BERNALILLO

JONAH B. CHARLEY,
    Plaintiff,
vrs.              CIV. D-202-CV-2021-06659

HERZOG TRANSIT SERVICES,
    Defendant.

_____/

## COMPLAINT FOR PERSONAL INJURY

**COMES NOW,** the Plaintiff by and through his undersigned attorney and hereby states his complaint for personal injury against the Defendant:

### JURISDICTION

1.1 Plaintiff, Jonah Charlie ("Plaintiff"), was at all times material to the allegations of this Complaint a resident of Bernalillo County, State of New Mexico.

1.2 Herzog Transit Services is foreign corporation doing business in Albuquerque, New Mexico.

### DECEMBER 4, 2018 ACCIDENT

2.1 December 4, 2018, Plaintiff was employed by Mills Inc. as a qualified person to inspect and repair trains at the Albuquerque yard operated by Herzog Transit Services.

2.2 December 4, 2018, the Plaintiff and Bryan King (another Mills' employee) were tasked by Herzog to replace a rotor on the wheel of a train located on track 4.

2.3 Herzog had tested and certified both the plaintiff and Mr King as individuals qualified to perform maintenance on trains.

1

2.4 At the time of the accident, Mr. King was operating the fork lift. Herzog trained and certified Mr. King as a forklift operator.

2.5 Based on information and belief, Herzog has no manuals that specified the procedure in replacing and repairing train rotors. Instead, Herzog trained the Plaintiff through on-the-job training.

2.6 Bombairdier manufactured the railway car being repaired at the time of this accident. Bombairdier states a warning in its maintenance manual at 4.14.1.1:

> Warning: the weight of the disc brake is 143 pounds. Use an appropriate lifting devise for the removal or replacement of the disc brake rotor. Failure to do so may result in injury.

2.7 Westinghouse manufactured the rotor. Westinghouse Air Brake Company's manual also states a warning:

> An adequate support or lifting devise must be available to support the devise . . .

2.8 Herzog Albuquerque Yard has used a ten-ton fork lift to lift and place the rotor during rotor repairs for the ten years prior to the accident.

2.9 Based on information and belief, Herzog never undertook a process to determine the "appropriate" or "adequate" lifting devise to be used in rotator replacement/repair.

3.0 Herzog never considered a rolling floor jack to lift the rotor and the rotator replacement/repair.

3.1 Herzog trained Plaintiff and Mr. King to use the forklift in replacing rotors.

3.2 Herzog training in repair/replacement did not provide for a third employee to work as a spotter to communicate the forks' position as it carried the rotor to the wheel.

3.3   Herzog training in repair/replacement did not provide for the positioning of trains prior to repair/replacement of rotors and did not use the concrete floor in the yard.  Rather, the forklift in the accident operated on an uneven dirt surface with a dip which caused the forks to dip and the Plaintiff and Mr King to narrow the forks to carry the rotor.

3.4   Herzog training in repair/replacement of rotors provided that Plaintiff be under the train squatting on the railway ballast.

3.5   At the time of the accident, Plaintiff was unaware that the rotor were caught on the wheel hub or rail.

3.6   The rotor came out of its bind, and the forklift forks released,  flinging the rotor into Plaintiffs face causing Plaintiff severe head trauma.

**DAMAGES**

4.1   As a direct result of the December 4, 2018 accident, Plaintiff suffered grievous bodily injury to face and head, to include surgical placement of seven titanium plates on his skull, wiring of his fractured jaw, reconstructive dental surgery, PTSD and chronic daily migraine headaches with numbness of his head, lips and teeth.

4.2    As a direct result of the injuries sustained in the December 4, 2018 accident, the Plaintiff has incurred reasonable expenses of necessary medical care, treatment and services received, and will reasonablely incur future expenses for the continuation of necessary medical care, treatment and services.

4.3   As a direct result of the injuries sustained in the December 4, 2018 accident, the Plaintiff has been unable to return to work and will be unable to return to work in the future. Plaintiff's has sustained lost earnings and will certainly sustain a loss of future earing

      capacity.

4.4    As a direct cause of the injuries sustained by Plaintiff in the December 4, 2018 accident the Plaintiff experienced severe pain and suffering and is certain to experience pain and suffering in the future.

## NEGLIGENCE

5.1    Defendant owed the Plaintiff a duty of ordinary care. A reasonably prudent man exercising ordinary care would have:

a) assessed the proper machine to lift the rotor in a safe manner during the rotor replacement;

b) not use a ten-ton forklift within inches of Plaintiff, squatting under the train's carriage.

c) not using the forklift on uneven dirt surface.

d) having a third employee as a spotter;

e) moved the train to be worked on to the concrete pad so the lifting devise was on a flat surface.

f) ensured that the lifting devise operator could see the placement of the fork including the tips of the forks.

5.2    Defendants breached their duty to the Plaintiff by failing to to exercise ordinary care in the development of a safe practice to replace train rotors.

5.3    Defendants' breach of duty to the Plaintiff was the cause of the steel 135 pound disc being flung into Plaintiff's head resulting in severe bodily injuries.

5.4    As a direct result of Defendants' breach of duty, the Plaintiff suffered multiple injuries to his body including surgeries to place and later remove seven titanium plates on his

4

skull, wiring of his jaw, light phobia, dental reconstruction, chronic migraine headaches and post traumatic stress disorder, permanent numbness of top of his head, lip and mouth, which has resulted in pain and suffering, loss of past and future wages, past medical specials, future medical specials, and loss of services.

5.5  Defendants' breach of duty was gross negligence and Plaintiff is entitled to punitive damages.

Wherefore Plaintiff prays for a judgment against Defendants in an amount sufficient to compensate him for his losses and punitive damages.

## NEGLIGENCE PER SE

6.1  October 4, 2011, there were in existence federal and State of New Mexico OSHA laws and regulations regarding the use of forklifts at work sites to include 29 CFR1910.178 are very clear on operating a forklift where employees may be exposed to the potential hazards of an operating forklift.

6.2  Defendant owned the Plaintiff the duty to fully and completely comply with the State of New Mexico and Federal OSHA safety standards in selecting the fork lift to use in the rotor replacement/repair in violation of 29 CFR 1910.

6.3  The Defendants' breach of their duty, was the cause of the rotor being propelled into Plaintiff's head, and resulting physical injury.

6.4  The Defendants' breach of duty was grossly negligent and Plaintiff is entitled to punitive damages.

Wherefore, Plaintiff prays for a judgment against the Defendants in an amount sufficient to compensate him for his losses and punitive damages.

## STRICT LIABILITY

7.1   Defendants are strictly liable and their duty of care is non-delegable as they knew, or should have reasonably known, that using a ten ton forklift in rotor replacement would likely create a substantial risk of physical harm to workers working within inches of the forklift in a squatting position under the carriage of the train; and, that the forklift operator could not see the tips of the forks and could not know whether the tips were caught on the wheel or track.

7.2   Defendants failed to provide reasonable precautions necessary to avoid the harm which would have been the implementation of OSHA forklift safety standards prohibiting the use of a forklift in this procedure to replace a rotor..

7.3   As a direct result of the Defendant's breach of duty, the Plaintiff suffered multiple injuries to his head, including a severely fractured skull, fractured jaw, dental reconstruction, chronic migraine headaches, PTSD, photosensitivity, which has resulted in pain and suffering, loss of past and future wages, past medical specials, future medical specials, and loss of services.

7.4   In breaching their non-delegable duty, the Defendants were grossly negligent, and Plaintiff is entitled to punitive damages.

Wherefore Plaintiff prays for a judgment against the Defendant in an amount sufficient to compensate him for his losses and punitive damages.

Respectfully Submitted:

*/s/ Patrick L Fogel*

                                        Patrick L. Fogel
                                        *Attorney for the Plaintiff*
                                        205 Truman N.E.
                                        Albuquerque, N.M.  87108
                                        (505) 255-9092

EXHIBIT A

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
11/23/2021 2:44 PM
CLERK OF THE COURT
Luke A Tessman

**SECOND JUDICIAL DISTRICT COURT**
**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**

**JONAH CHARLEY,**
        **Plaintiff,**
vs.                                       Cause No. D-202-CV-2021-06659

**HERZOG TRANSIT SERVICES,**
        **Defendants.**

## COURT-ANNEXED ARBITRATION CERTIFICATION

    **COMES NOW,** the Plaintiff by and through his attorney of record, Patrick L Fogel and hereby submits his Court-annexed arbitration certificate, pursuant to Second Judicial District Local Rule 2-603, certifies as follows:

☐   This party seeks **only a money judgement and the amount sought does not exceed** twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney fees.

☒   This party seeks relief **other than a money judgement and/or seeks relief in excess of** twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney fees.

Signature: */s/ Patrick L Fogel*
Printed Name: Patrick L. Fogel
Law Firm: The Fogel Law Firm
Address: 205 Truman NE
City/State/Zip: Albuquerque, N.M. 87108
Phone/Fax: (505) 255-9092 T / (505) 312-8592

I hereby certify that an endorsed copy of the foregoing pleadings was emailed or delivered to all parties entitled to notice on this _____ day of _____,

Signature: _____

EXHIBIT A

```
                                                                FILED
                                                    2ND JUDICIAL DISTRICT COURT
                                                          Bernalillo County
SECOND JUDICIAL DISTRICT COURT                          11/23/2021 2:44 PM
STATE OF NEW MEXICO                                     CLERK OF THE COURT
COUNTY OF BERNALILLO                                        Luke A Tessman
```

JONAH CHARLEY,
        Plaintiff,

vs.                                              Cause No.  D-202-CV-2021-06659

HERZOG TRANSIT SERVICES,
        Defendants.

## JURY DEMAND

      **COMES NOW,** the Plaintiff by and through his undersigned attorney and hereby makes demand for a six person jury.

Respectfully Submitted:

   _/s/ Patrick L Fogel_
Patrick L. Fogel
*Attorney for the Plaintiff*
205 Truman N.E.
Albuquerque, N.M.  87108
(505) 255-9092

`

EXHIBIT A

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
12/2/2021 10:35 AM
CLERK OF THE COURT
Areli x Martinez

4-206. Summons.

# SUMMONS

| District Court: **SECOND JUDICIAL DISTRICT COURT** <br> **BERNALILLO** County, New Mexico <br> Court Address: **400 Lomas Blvd. NW Albuquerque, NM 87102** <br><br> Court Telephone Number.: **(505) 841-8400** | Case Number: D-202-CV-2021-06659 <br><br> Judge:   Lisa Chavez-Ortega |
|---|---|
| Plaintiff(s): **JONAH CHARLEY** <br> v. <br> Defendant(s): **HERZOG TRANSIT SERVICES** | Defendant Name: **HERZOG TRANSIT SERVICES** <br> Address: **PO Box 1089, Saint Joseph, MO 64502** |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at   11/29/2021  , New Mexico, this ____ day of
_____, 20 ___.

Katina Watson
SECOND JUDICIAL DISTRICT COURT
CLERK OF THE COURT

By: _____
Deputy Clerk

*Attorney for Plaintiff*

EXHIBIT A

Name: **Patrick L Fogel**
Address: **205 Truman NE**
Telephone: **(505) 255-9092** No.:
Fax No.: **(505) 312-8592**
Email Address: rose@fogellawfirm.com / richard@fogellawfirm.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

### RETURN[1]

STATE OF NEW MEXICO ) )ss
COUNTY OF BERNALILO

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in Rio Arriba county on the 30 day of Nov 2021, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

*(check one box and fill in appropriate blanks)*

[ ]   to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service)*.

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, bydelivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons

and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[X]   to **CT CORPORATION SYSTEM**, an agent authorized to receive service of process for defendant **HERZOG TRANSIT SERVICES**.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]   to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: $204 35 mileage incl

_____
Signature of person making service

PRIVATE PROCESS SERVER
Title (*if any*)

Subscribed and sworn to before me this 1st day of DEC, 2021.

Donnette Alderete
Judge, notary or other officer authorized to administer oaths

NOTARY     MCE 08/24/24
Official title

## USE NOTE

1.   Unless otherwise ordered by the court, this return is not to be filed with the court

2.   
If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pendingor filed on or after December 31, 2013; as amended bySupreme Court Order No. 14-8300-017, effective for all cases pending or filed on or after December 31, 2014.]

EXHIBIT A

prior to service of the summons and complaint on the defendant.